IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS JONES,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | CRIMINAL ACTION<br>NO. 12-314-01 |

**OPINION**

**Slomsky, J.** **October 20, 2026**

## I. INTRODUCTION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant Marcus Jones seeks compassionate release from his 408-month sentence for two armed robberies, a related conspiracy charge, and twice using a firearm in furtherance of a crime of violence.

From March 14, 2012 to March 24, 2012, Defendant, along with two co-defendants, conspired and agreed to commit two armed robberies, taking approximately $500. (Doc. No. 28 ¶ 3.) On March 28, 2013, the Government filed a Superseding Indictment against Defendant, charging him the following offenses:

1) Conspiracy to interfere with interstate commerce by threats or violence, in violation of 18 U.S.C. § 1951(a), (b)(1), and (b)(3) (Count I);

2) Interference with interstate commerce by threats or violence and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a), 2 (Count II);

3) Using and carrying a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1), 2 (Count III);

4) Interference with interstate commerce by threats or violence, in violation of 18 U.S.C. § 3582(c)(1)(A) (Count IV); and

5) Using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count V).

(Id.) On February 25, 2014, Defendant pled guilty to Counts IV and V. (See Doc. Nos. 152 at 23:21-28:8; 217 at 1.) Over three (3) years later, on July 11, 2017, a jury found Defendant guilty of Counts I to III. (See Doc. Nos. 138; 156 at 168:16-171:17.)

Ultimately, the Court sentenced Defendant to serve 408 months' imprisonment, followed by five years of supervised release.[1] (Doc. No. 217.) When Defendant was sentenced, a first-time offender convicted of two or more 18 U.S.C. § 924(c) counts faced (1) a mandatory seven (7) year penalty for the first offense and (2) a mandatory twenty-five (25) year sentence for the second offense that must run consecutively to the first offense's mandatory penalty. Rutherford v. United States, 608 U.S. 454, 459 (2026). Consequently, Defendant faced a minimum sentence of 32 years' imprisonment for his convictions on Counts III and V. 18 U.S.C. § 924(c)(1)(A)(ii) (seven-year consecutive mandatory minimum sentence for using a firearm in furtherance of crime of violence); § 924(c)(1)(C)(i) (twenty-five-year consecutive mandatory minimum sentence for second § 924(c) violation).

In December 2018, Congress passed the First Step Act of 2018 ("First Step Act"), amending 18 U.S.C. § 924(c)(1)(A).[2] First Step Act of 2018, 18 U.S.C. § 924(c), 132 Stat. 5194, 5221 (2018). Specifically, Section 403(a) of the First Step Act amended 18 U.S.C.

---

[1] On July 21, 2017, Defendant filed a Notice of Appeal (Doc. No. 218), and on June 11, 2018, the Third Circuit Court of Appeals affirmed Defendant's conviction and sentence. See United States v. Jones, 737 F. App'x 68, 69-70 (3d Cir. 2018). On May 1, 2019, Petitioner filed a Motion to Vacate His Sentence under 28 U.S.C. § 2255 (Doc. No. 224), and on July 6, 2021, the Court denied the Motion to Vacate. (Id.)

[2] Currently, 18 U.S.C. § 924(c) provides in pertinent part:

§ 924(c)(1)(C) "by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final.'" Id. Effectively, the amendment eliminated the twenty-five-year stacking requirement for first time offenders whose sentence had yet to be imposed in the first case. Rutherford, 608 U.S.

---

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (. . .) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > ***
>
> (C) In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall—
>
> > (i) be sentenced to a term of imprisonment of not less than 25 years; . . .
> >
> > ***
>
> (D) Notwithstanding any other provision of law—
>
> > ***
> >
> > (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.
> >
> > ***

18 U.S.C. § 924(c). As discussed supra, Defendant was convicted of two § 924(c) violations (Counts III and V). (See Doc. No. 256.)

at 459 (citation omitted). Generally, statutory penalty changes are nonretroactive, and thus, a defendant sentenced prior to the First Step Act does not qualify for a reduced penalty. Id.

On October 12, 2022, Defendant filed a pro se Motion for Compassionate Release ("the Motion") under 18 U.S.C. § 3582(c)(1)(A).[3] (Doc. No. 264.) In relevant part, 18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court. . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),

---

[3] Defendant timely filed his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). See 18 U.S.C. § 3582(c)(1)(A).

> upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). A district court generally "may not modify a term of imprisonment once it has been imposed," but there are narrow exceptions—including compassionate release under § 3582(c)(1)(A)(i). Id.; see also Rutherford, 608 U.S. at 458. For compassionate release, first, the court must find that defendant demonstrated "extraordinary and compelling reasons" that warrant such release. 18 U.S.C. § 3582(c)(1)(A); Rutherford, 608 U.S. at 460. Then, only if the court finds "extraordinary and compelling reasons," the court must weigh those reasons against the § 3553(a) factors[4] to determine if a sentence reduction is warranted. 18 U.S.C.

---

[4] 18 U.S.C. § 3553(a) factors include in pertinent part:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> ***
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

3582(c)(1)(A); United States v. Nakchbandi, No. 22-248-1, 2026 WL 1676381, at *3 (E.D. Pa. June 10, 2026) (citing 18 U.S.C. § 3582(c)(1)(A)). If a balance of both extraordinary and compelling reasons and § 3553(a) factors support a sentence reduction, it is within the district court's discretion to reduce the imprisonment term, modify the supervised release terms, or both. See 18 U.S.C. 3582(c)(1)(A); see also Rutherford, 608 U.S. at 460.

## II. DISCUSSION

In the Motion, Defendant alleges two "extraordinary and compelling reasons" that warrant a sentence reduction or release: (1) the disparity between Defendant's current sentence and what his sentence would be today post-amendment of § 924(c); and (2) other factors set forth under the Sentencing Commission Guidelines, including Defendant's medical circumstances, age, family circumstances, rehabilitation, and other reasons. (Doc. No. 264.) On August 31, 2026, Defendant filed an Amendment to the Motion requesting this Court to consider an additional medical circumstance—specifically a provisional diagnosis of chest pain and an abnormal electrocardiogram ("EKG").[5] (Doc. No. 311.)

The Government's first Response in Opposition to Defendant's Motion asserts that Defendant failed to establish a claim for relief because (1) "the non-retroactive change in sentencing practice regarding § 924(c) is not a qualifying [extraordinary and compelling] reason"

---

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(2), (6)-(7).

[5] On August 26, 2026, Defendant filed a letter to inform the Court of his emergency medical trip and "ask the court to allow [him] to submit [health service] documents so as to extend the medical circumstances for extraordinary and compelling circumstances that are relevant." (Doc No. 307.) On August 31, 2026, Defendant filed an Amendment to the Motion, which included (1) his request for the Court to consider the medical circumstances as a reason warranting compassionate release and (2) medical records of his abnormal electrocardiogram ("EKG") and relevant diagnosis. (Doc. No. 311.)

for compassionate release, (2) "rehabilitation alone is not a qualifying ground," and (3) suffering from mental health is generally insufficient, but, more pertinent here is the lack of evidence presented to support or explain the claim. (Doc. No. 265 at 2.)

Specifically, the Government asserted that the Third Circuit Court of Appeal's decision in United States v. Andrews foreclosed consideration of the § 924(c) sentencing disparity as a basis for compassionate release. 12 F.4th 255, 260 (3d Cir. 2021) (concluding that a nonretroactive change to § 924(c) sentencing is not a qualifying reason for compassionate release). A petition for issuance of a writ of certiorari was filed in the United States Supreme Court in the Rutherford case. (Doc. No. 301 at 2.) As a result, Defense counsel requested a stay of the ruling on the Motion for Compassionate Release until the Supreme Court decided whether to grant the petition, and if they did grant it, to extend the stay until the Supreme Court decided the case on the merits. (Id.) This Court granted the stay on July 10, 2025. (Doc. No. 296.) Thereafter, the Supreme Court granted certiorari, and on May 28, 2026, the Supreme Court rendered a decision on the merits in Rutherford. Rutherford, 608 U.S. 454. In Rutherford, the Court affirmed the Third Circuit, holding that the changed penalties for a violation of 18 U.S.C. § 924(c) could not form the basis for compassionate release, either alone or in combination with any factor, given that Congress declared the change nonretroactive. Id. at 465.

After the Supreme Court decision in Rutherford, the Government filed a Supplemental Response in Opposition to the Motion. (See Doc. No. 301.) In the Supplemental Response, the Government relied on Rutherford, noting that "[t]he Supreme Court further held that to the extent [s]ection 1B1.13(b)(6) in the compassionate release guidelines provides otherwise, it is invalid, as sweeping beyond statutory authorization for consideration of relief only in

'exceptional and compelling' circumstances." (Id. at 2.) On June 29, 2026, Defendant filed a Reply, agreeing that Rutherford adversely impacts his claim. (Doc. No. 304 at 1.)

In the wake of Rutherford, the Motion for Compassionate Release is now ripe for disposition.[6] For reasons that follow, the Court will deny Defendant's Motion for Compassionate Release and the Amendment to the Motion.

**A. Defendant's Sentencing Disparity is Not an Extraordinary and Compelling Reason Pursuant to Rutherford.**

Primarily, Defendant contends that apart from the Rutherford holding, his "mandatory [imprisonment] term due to stacking [18 U.S.C. §] 924(c) statute is grossly excessive" and that "[i]f sentenced today [his] conduct would result in [a] significantly lower sentence." (Doc. No. 264 at 5.) However, this alone is not an extraordinary and compelling reason to meet step one of the compassionate release statute.

Rutherford addressed whether the First Step Act's amendment to 18 U.S.C. § 924(c) penalties, and its resulting sentencing disparity, qualifies as an extraordinary and compelling reason for compassionate release. 608 U.S. at 464-65. There, two compassionate release movants were each convicted of two or more crimes in violation of § 924(c). Id. at 459. The movants contended that the sentencing disparity created by the nonretroactive 18 U.S.C. § 924(c) amendment constituted an extraordinary and compelling reason warranting compassionate release. Id. at 463-64. Considering eligibility requirements for compassionate release, the United States Supreme Court stated that

> . . . a court must first ensure that a movant is part of the "limited class of prisoners" who are "eligibl[e]" for such a reduction (internal citations omitted). And whether a prisoner is eligible depends on

[6] On June 29, 2026, Defendant filed a pro se Reply with the Court following the United States Supreme Court's ruling in Rutherford wherein he acknowledges the adverse effect Rutherford has on the outcome of his principal claim. (Doc. No. 304 at 1.) Still, Defendant maintains that for other reasons he is entitled to compassionate release. (Id.)

> whether he can offer "extraordinary and compelling" reasons that "warrant" compassionate release, not on the § 3553(a) factors (internal citations omitted). This gatekeeping requirement is not . . . a free-for-all. It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release.

Id. at 470.

Unpersuaded by movants' arguments, the Supreme Court held that a nonretroactive amendment to 18 U.S.C. § 924(c) cannot constitute an extraordinary and compelling reason, even if the amended penalties cause a sentencing disparity. Id. at 457 ("The statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release.").

First in its reasoning, the Supreme Court established that to meet the definition of an extraordinary and compelling reason, the reason must be "especially unusual and convincing." Id. at 465. Accordingly, the Court determined that

> [t]he disparity created by Congress's amendment to § 924(c) does not satisfy this definition. Far from "extraordinary," nonretroactive amendments to criminal penalties are the norm . . . [a]nd regardless of whether the line is drawn at the offense or the sentence, a nonretroactive penalty change necessarily creates a disparity between those who receive the benefit and those who do not. (internal citations omitted). ("[D]isparities ... reflec[t] a line-drawing effort" and "will exist whenever Congress enacts a new law changing sentences"). Such a disparity is an unexceptional feature of a system in which nonretroactivity is the default.
>
> As for "compelling": It is hard to see how Congress's deliberate decision not to extend newly reduced penalties to those already sentenced could be a convincing reason that "warrant[s]" a reduction. (internal citation omitted). . . . Treating the disparity resulting from § 924(c)'s amendment as a compelling reason for reducing a sentence would undermine Congress's choice to leave the sentence intact.

Id. at 465-66. Thus, the § 924(c) sentencing disparity was determined to be neither especially unusual nor convincing.

Second, because extraordinary and compelling reasons typically involve a prisoner's personal circumstances—such as medical conditions, age, and family circumstances—and the disparity from § 924(c)'s amendment is not a personal circumstance, the Supreme Court determined that the disparity "fall[s] well outside the heartland of compassionate release."[7] Id. at 466.

Third, the Supreme Court acknowledged that while "extraordinary and compelling leave room for judgment, they are not so flexible as to encompass any consideration," making it clear that compassionate release is an exceptional remedy subject to a demanding standard. Id. at 468 (citations omitted). The Court emphasized that

> the disparity resulting from Congress's amendment to § 924(c) tracks ordinary sentencing practice and reflects Congress's deliberate choice to extend relief to some prisoners and not others. Thus, the disparity is neither an "extraordinary" nor a "compelling" reason that warrants a reduction in sentence.

Id. (emphasis added). Thus, since "[t]he disparity that results from Congress's decision to leave a sentence untouched cannot serve as [an extraordinary and compelling] reason[]," compassionate release is not warranted for movants who claim the § 924(c) amendment sentencing disparity is an extraordinary and compelling reason warranting such relief. Id. at 473.

Here, consideration of Defendant's sentencing disparity resulting from the 18 U.S.C § 924(c) amendment as an extraordinary and compelling reason is affirmatively foreclosed by

---

[7] Although the Supreme Court left unresolved whether a qualifying reason could ever extend beyond a prisoner's personal circumstances and qualify as an extraordinary and compelling reason, it ruled that nonretroactive sentencing amendments do not qualify. Rutherford, 608 U.S. at 467.

Rutherford. See id. Like the movant in Rutherford, Defendant contends that today he would receive a lower sentence under the amended § 924(c) guidelines, and thus, his sentencing disparity is a qualifying reason for release. Compare id. (holding that Congress did not intend for nonretroactive changes to be "extraordinary and compelling" reasons for compassionate release), with (Doc. No. 264) (arguing that prior conduct would result in a lower sentence under current law). However, as established in Rutherford, a sentencing disparity fails to meet the required unusual or convincing definition of an "extraordinary and compelling" reason due to the default, non-retroactive nature of penalty changes. See Rutherford, 608 U.S. at 473. Further, Defendant's sentencing disparity is not considered a personal circumstance under Rutherford—in fact, the Supreme Court expressly denies its inclusion as a qualifying reason. Id. Moreover, since Defendant was sentenced prior to the nonretroactive amendment, considering the resulting disparity as a qualifying extraordinary and compelling reason would undermine Congressional intent to leave pre-Act sentences intact. See id. at 472-73. Therefore, the Supreme Court's decision in Rutherford affirmatively forecloses consideration of the sentencing disparity as an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). Id. at 473 (concluding that Congress' nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release).

**B. Defendant Fails to Present Extraordinary and Compelling Reasons Under the Sentencing Guidelines.**

In the Motion, Defendant points to his lack of criminal history, young age at the time of violations, mental and physical health, rehabilitation, low risk of recidivism, and unusually long sentence as six "extraordinary and compelling reasons" that warrant early release. (Doc. Nos. 264, 304.) On August 31, 2026, Defendant filed an Amendment to the Motion, asking the Court to consider his recent medical diagnosis of chest pain and abnormal EKG. (Doc. Nos. 307, 311.)

The United States Sentencing Commission has issued policy statements to "give meaning" to extraordinary and compelling reasons that warrant compassionate release. Rutherford, 608 U.S. at 460-61 (citing 28 U.S.C. § 994(t)).[8] Congress provided that any grant of compassionate release must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. at 478 (citing 18 U.S.C. § 3582(c)(1)(A)). Still, courts must "independently interpret the statute and effectuate the will of Congress," to ensure that the policy statements are "consistent with" their governing statute. Loper Bright Enter. v. Raimondo, 603 U.S. 369, 395 (2024). Thus, if Sentencing Commission policy statements conflict with 18 U.S.C. § 3582(c)(1)(A), they are not binding. See Rutherford, 608 U.S. at 473 ("We are not bound to follow the Commission's guidance when it 'exceed[s its] statutory authority' by adopting a definition of a term that is inconsistent with the statute.").

In 2023, the Sentencing Commission issued a policy statement recognizing certain "extraordinary and compelling reasons" that warrant compassionate release: (1) "Medical Circumstances of the Defendant," (2) "Age of the Defendant," (3) "Family Circumstances of the Defendant," (4) being a "Victim of Abuse" while in custody, (5) a catch-all category for "Other Reasons," and (6) an "Unusually Long Sentence." See U.S.S.G. § 1B1.13(b)(1)-(6). Thus, in this regard U.S.S.G. § 1B1.13(b) states in pertinent part:

---

[8] 18 U.S.C. § 994(t) provides:

> (t) The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.--

***

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

***

(2) Age of the Defendant.--The defendant (A) is <u>at least 65 years old</u>; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

***

> (4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> (A) sexual abuse involving a "sexual act," . . . or
>
> (B) physical abuse resulting in "serious bodily injury," . . .
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> ***
>
> (5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(1)-(6) (emphasis added).[9] Moreover, as noted earlier, rehabilitation itself does not qualify as an extraordinary and compelling reason and is thus insufficient to warrant compassionate release, but it apparently may be considered in combination with other circumstances. Id. § 1B1.13(d); see also 18 U.S.C. § 994(t).

---

[9] Because U.S.S.G. § 1B1.13(b)(6), which "allows consideration of nonretroactive legal changes in certain circumstances" conflicts with the compassionate release statute, the Supreme Court in Rutherford held U.S.S.G. § 1B1.13(b)(6) invalid. Rutherford, 608 U.S. at 472.

Here, Defendant asserts the following as five extraordinary and compelling reasons to warrant compassionate release: (1) that this his "first and only violent offense," (2) "[a]ge at time of occurrence," (3) medical circumstances including "suffer[ing] from mental health [not] diagnosed at time of offense" and a diagnosis of chest pain and abnormal EKG, (4) rehabilitative efforts, including "complet[ing] 13 programs dating back to year after arrest with no significant discipline actions, [and] work[ing] on improving consistently," and (5) his low risk of recidivism. (Doc. Nos. 264, 304, 311.)

First, Defendant raises his lack of criminal history, but this is not delineated by the Sentencing Commission as an "extraordinary and compelling reason" to warrant compassionate release. See U.S.S.G. § 1B1.13(b).

Second, turning to age, the Court recognizes that Defendant's criminal activity occurred when Defendant was twenty-two (22) years old—a relatively young age—and that he has since taken great strides in rehabilitation. Nonetheless, Defendant was not a minor at the time of the crime, and his young age is not a sufficient "extraordinary and compelling reason." See Andrews, 12 F.4th at 262 (affirming district court's decision denying compassionate release for § 924(c) convictions committed at age nineteen). Further, Defendant, currently thirty-seven (37) years old, does not meet the Sentencing Commission's criteria since he is not at least sixty-five (65) years old or experiencing serious deterioration in health due to his age. See U.S.S.G. § 1B1.13(b)(2) (determining that age may be a qualifying reason when the defendant "is at least 65 years old" and "experiencing a serious deterioration in physical or mental health because of the aging process" among other things); (see Doc. No. 304 at 9). Accordingly, Defendant's age at the time of the offense does not qualify as an extraordinary and compelling reason warranting compassionate release.

Third, as to Defendant's assertions about his mental and physical health, the Commission's policy statement regarding "Medical Circumstances of the Defendant" as an extraordinary and compelling reason covers when defendant is

> (ii) suffering from a serious functional or cognitive impairment; or (iii) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1). Here, Defendant has not set forth any supporting evidence of his mental health claim. Defendant does not claim to have serious cognitive impairment or deteriorating mental health due to aging. (See Doc. Nos. 264, 304.) Additionally, there is no showing that Defendant's ability to recover or treat his mental health is diminished at the Federal Correctional Institution—Allenwood ("FCI—Allenwood"). In fact, Defendant has received prescription medication and counseling at FCI—Allenwood. (See Doc. No. 304 at 9.) Therefore, Defendant's mental health does not qualify as an extraordinary and compelling reason. While Defendant does provide evidence of his physical health, Defendant's medical conditions do not meet the demanding standard for compassionate release. (See Doc. No. 311.) Defendant's chest pain and abnormal electrocardiogram result, while unfortunate, do not "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and no evidence has been presented to indicate that Defendant "is not expected to recover." U.S.S.G. § 1B1.13(b)(1). Moreover, Defendant's medical records observe that Defendant's cardiovascular results are "[w]ithin [n]ormal [l]imits." (Doc. No. 311 at 6.)

Fourth, while the Court commends Defendant's rehabilitative efforts, rehabilitation alone cannot be considered a sufficient reason for compassionate release. U.S.S.G § 1B1.13(b); 18 U.S.C. § 994(t) (stating that rehabilitation "alone shall not be considered an extraordinary and

compelling reason" for purposes of compassionate release); see also Nakchbandi, 2026 WL 1676381, at *4 (agreeing that rehabilitation, on its own, did not meet demanding standard for compassionate release because such efforts were expected). Thus, Defendant's rehabilitative efforts are insufficient to warrant compassionate release. Lastly, Defendant's low risk of recidivism, while commendable, is not an extraordinary and compelling reason warranting compassionate release. See U.S.S.G. § 1B1.13(b).

**C. The 3553(a) Sentencing Factors Do Not Warrant Compassionate Release.**

While Defendant failed to aver an extraordinary and compelling reason for compassionate release, Defendant's release is not warranted for the additional reason that the Section 3553(a) factors do not justify release. First, the Court examined the nature and circumstances of the offense and Defendant's history and characteristics. See 18 U.S.C. § 3553(a)(1). Defendant was convicted of serious crimes—including two armed robberies, conspiracy, aiding and abetting, and twice using a firearm in furtherance of a violent crime—that resulted in a sentence of thirty-four (34) years. (Doc. No. 256 at 14.) Defendant argues that he has no other history of violent crimes and has shown no indication that he will engage in future criminal activity. (Doc. No. 304.) Nonetheless, without an extraordinary and compelling reason for compassionate release, the factors alone cannot establish grounds for granting the Motion. See 18 U.S.C. § 3582(c)(1)(A)(i).

Second, the Court has considered whether Defendant's proposed release reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes by Defendant. See

18 U.S.C. § 3553(a)(2). Defendant served approximately fourteen (14) years of a 34-year sentence. (Doc. No. 304.) He was sentenced for serious crimes. His sentence was justified in view of the factors that must be considered under § 3553(a).

Third, the Court considered whether Defendant's sentence provided him with necessary "educational or vocational training, medical care, or other correctional treatment." See 18 U.S.C. § 3553(a)(2)(d). Regarding educational training, Defendant's efforts to further his education and take advantage of programs offered at FCI—Allenwood are commendable.[10] (Doc. No. 304 at 7.) In terms of medical care, there is no showing that Defendant is not being provided adequate medical care at FCI—Allenwood.[11]

Fourth, the Court considered the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6). As noted above, although the § 924(c) sentencing guidelines are lower today than they were when Defendant was sentenced, this does not alter the sentencing outcome in this case. See Rutherford, 608 U.S. at 473. Thus, the pertinent § 3553(a) factors do not warrant Defendant's compassionate release.

---

[10] Defendant continues to contribute to the BOP's Financial Responsibility Program to facilitate his reintegration into society upon release. (Doc. No. 304 at 8.) On June 17, 2025, Defendant earned an Evidence-Based Recidivism Reduction Program Incentive Award ("EBRR Award"). (Id.)

[11] On September 9, 2015, Defendant received counseling about access to care and was prescribed medication for anxiety and depression. (Id. at 9.) In Defendant's Amendment to the Motion, he contends that he had a "recent cardiology visit at petitioner[']s prison in which the health provider gave [him] a diagnosis of a serious cardiac condition abnormality, by way of an abnormal [EKG]." (Doc. No. 311 at 1.) Defendant's medical records show a provisional diagnosis of "[c]hest [p]ain" and an "[a]bnormal EKG." (Id. at 6-8.)

## III. CONCLUSION

For all the above reasons, Defendant's Motion for Compassionate Release (Doc. No. 264) and the Amendment to the Motion for Compassionate Release (Doc. No. 311) will be denied. An appropriate Order follows.